UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAWN TAYLOR                                                                                          CIVIL ACTION

VERSUS                                                                                                    NO. 11-3176

CARL E. WOODWARD, L.L.C., ET AL                                                      SECTION "H"(5)

ORDER AND REASONS

Before the Court are Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 10) and Plaintiff's Motion to Dismiss Claims without Prejudice (Doc. 13). For the following reasons, Defendants' Motion to Dismiss, or Alternative Motion for Summary Judgment (Doc. 10) is **DENIED** and Plaintiff's Motion to Voluntarily Dismiss (Doc. 13) is **GRANTED**. Defendants' alternative request for a Motion for an Arbitration Order is **MOOT**.

1

**BACKGROUND**

This case arises out of a construction project involving construction of 460 apartments at the former C.J. Peete Housing Project ("the Project"). Defendant Carl E. Woodward d/b/a Woodward Design + Build L.L.C. ("CEW") was the general contractor and Sturdy Built Homes, LLC ("Sturdy Built") was one of its subcontractors. Pursuant to the CEW-Sturdy Built Subcontract, Sturdy Built agreed to provide and install beams, wall panels, roof trusses, floor trusses and other materials for the Project.

Plaintiff Dawn Taylor ("Taylor"), an African American female, is a member of Sturdy Built. As a part of her duties to the company, she regularly visited the Project's construction site. At the site, Taylor worked with CEW employees, including Defendant Ed Jorgensen ("Jorgensen"), who was the on-site supervisor for Woodward at the Project site, and Defendant Lane Louque ("Louque"), who was the Project's manager.

Plaintiff originally filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana asserting that Defendants were liable under 42 U.S.C. § 1981, 42 U.S.C § 1983, breach of contract, and various state law tort claims. Defendants timely removed Plaintiff's suit to this Court on December 29, 2011.

On January 27, 2012, Defendants filed a Motion to Dismiss or Alternative Motion for Summary Judgment. (Doc. 10.) On March 6, 2012 Plaintiff filed a Voluntary Motion to Dismiss under Rule 41. (Doc. 13.) On March 13, 2012 Plaintiff moved to continue the Hearing on

Defendants' Motion to Dismiss so that hers could be considered first. (Doc. 15.) The Court denied Plaintiff's Motion to Continue Hearing on Defendants' Motion to Dismiss Case. (Doc. 18.)

### LEGAL STANDARD

*I. Motion to Dismiss under Rule 12*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).  The Court need not, however, accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S.Ct. at 1949–50. To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*.  The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57.  If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

*II. Voluntary Dismissal under Rule 41*

Rule 41(a) governs voluntary dismissals. *See* Fed. R. Civ. P. 41. Specifically, Rule 41 provides that a plaintiff may voluntarily dismiss without a court order only when the notice of dismissal has been filed before the opposing party serves either an answer or a motion for summary judgment or when there is a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). Federal Rule 41(a)(2) provides the guidelines for a voluntary dismissal with a court order. "Except as provided Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

A unilateral motion to voluntarily dismiss an action "[i]s permissible only before the defendant has filed an answer or a motion for summary judgment." *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979). The theory behind this rule is that once a defendant "[h]as become actively engaged in the defense of a suit, he is entitled to have the case adjudicated" and therefore, the case cannot "[b]e terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities." *Id.* Ultimately, "[a]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

**LAW & ANALYSIS**

Defendants argue that the Court should dismiss Plaintiff's petition because it fails to state a claim upon which relief can be granted, or alternatively that her petition claims no genuine issue of material fact.  Plaintiff, however, requests the Court to dismiss her claims without prejudice under Federal Rule of Civil Procedure 41.  Plaintiff explains that she wishes to pursue her claims in the already-pending state-court proceedings between her company, Sturdy Built, and Defendants.

In this case the Defendants have not filed an Answer, however they have filed a Motion to Dismiss or Alternatively a Motion for Summary Judgment.  Plaintiff asserts that the Court should decline converting Defendants Motion to a Motion for Summary Judgment as she needs the opportunity to perform discovery concerning disputed issues.  (Doc. 19, p. 6.)

Federal Rule of Civil Procedure 56(d) provides a variety of remedies for the court when the nonmovant declares that it cannot present facts essential to justify its opposition.  *See* Fed. R. Civ. P. 56(d).  In this case the Court finds that the appropriate remedy is to determine the merits of Defendants arguments under the standards of Rule 12(b)(6) and not under Rule 56.

Plaintiff argues that if the Defendants' Motion to Dismiss or Alternative Motion for Summary Judgment is treated as only a Motion to Dismiss, then a voluntary dismissal of her claims under Rule 41(a)(1) is appropriate and can be done without court order.  Defendants argue that their Motion to Dismiss should be granted since it was filed first and, even if not granted, the standards under Rule 41(a)(2) should be applied which provides that dismissal may be with

5

prejudice at the Court's discretion.

The Fifth Circuit has previously declined to treat a motion to dismiss as the equivalent of an answer for purposes of Rule 41. *See Carter v. U.S.*, 547 F.2d 258, 259 (5th Cir. 1977) ("we have consistently held that Rule 41(a)(1) means what it says"). This notion has been upheld consistently throughout this district. *See, e.g., Johns v. Edwards*, No. 06-3767, 2007 WL 1958962, at *1 (E.D. La. June 28, 2007); *Ricky's Diesel Service, Inc. v. M/V Inspiration*, No. Civ. A. 02-777, 2002 WL 927779, at *1 (E.D. La. May 7, 2002); *Holmes v. Entergy Corp.*, No. Civ. A. 98-3119, 1999 WL 288774, at *1 (E.D. La. May 6, 1999). Regardless of the amount of effort a defendant expends in preparing their motion to dismiss, "[d]efendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under Rule 41(a)(1) may do so by taking the simple step of filing an answer." *Carter*, 547 F.2d at 259. For these reasons, the Court concludes that all of Plaintiff's claims shall be dismissed without prejudice, as Defendants have not filed an answer and the Court will not consider their Motion to Dismiss as a Motion for Summary Judgment.

Lastly, Defendants' Motion to Dismiss argues that if Plaintiff's claims are not dismissed the case should be stayed and the parties ordered to arbitration per the arbitration clause included in the subcontract at issue. As the Court has dismissed all claims, however, the Defendants' alternative request to submit claims to arbitration is moot.

**CONCLUSION**

6

For the foregoing reasons, Defendants' Motion to Dismiss, or Alternative Motion for Summary Judgment (Doc. 10) is **DENIED** and Plaintiff's Motion to Voluntarily Dismiss (Doc. 13) is **GRANTED**. Defendants' alternative request for a Motion for an Arbitration Order is **MOOT**. A judgment shall follow entering judgment in accordance with this Order.

New Orleans, Louisiana, on this 7th day of September, 2012.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT COURT JUDGE